## STRAIGHT-SIDE BASKET CORPORATION et al. v. BARDEN & ROBESON CORPORATION.

### No. 1171.

District Court, W. D. New York.
Jan. 11, 1933.

Arthur F. Durand, of Chicago, Ill., and Judson, Holley & Andrews, of Lockport, N. Y., for plaintiffs.

Thompson, Smith & Thompson, of New York City, for defendant.

KNIGHT, District Judge.

Two motions are considered here. One is made to permit an amendment to the answer so as to incorporate therein an allegation that the method and machine claims of said letters patent in question in this case relied upon by the plaintiff cannot be valid, because the patents attempt to derive their effectiveness from the shape of the article intended to be manufactured. The other motion asks the order of this court directing the Commissioner of Patents to permit inspection of a certain application, Serial No. 255,712, filed February 12, 1928, by A. H. Schmidtke.

This is a suit in equity to enjoin the de-

fendant from infringing plaintiffs' patents Nos. 1,752,856 and 1,751,728 and require the defendant to account for profits and damages to the plaintiffs arising from such infringements. The complaint alleges that one Albert H. Schmidtke on March 25, 1926, was the inventor of certain improvements "in Method and Apparatus for Making Baskets" and on that date filed an application for a patent for his invention; that on April 1, 1930, letters patent No. 1,752,856, for such invention "in Method and Apparatus for Making Baskets" were issued to the plaintiff St. Joseph Iron Works, to which the assignment of said invention and all rights thereto had been made prior to the issuance of said letters patent; and that thereafter and on June 15, 1929, the said St. Joseph Iron Works gave to the plaintiff the Straight-Side Basket Corporation an exclusive license to license others to use the embodiments of the patent aforesaid. The complaint also alleges that one Colon J. Dudley was the inventor of "new and useful improvements in Basket Machines" and on February 23, 1927, made an application for a patent for said invention, and that on March 25, 1930, letters patent No. 1,751,728 were issued for said invention "in Basket Machine" to the plaintiff the Straight-Side Basket Corporation, to which said invention and all rights thereto had been assigned prior to the grant of the last mentioned patent, and that the Straight-Side Basket Corporation was the holder of the legal title to such patents. The complaint alleges that the plaintiffs had made and are making large numbers of baskets by the use of the patents aforesaid and that they are "practicing, the method of said patents, in the industry of producing said baskets." The complaint also alleges that these defendants are making "numerous baskets, and machinery for making baskets, embodying the inventions described and claimed" in the aforesaid patents. For the purpose of this motion it is unnecessary to detail further allegations in the complaint. It will be noted that the inventions relate entirely to the machinery employed and method used in the making of baskets and do not include or purport to include any patent upon the baskets. The answer admits the issuance of the aforesaid patents and denies the invention by the alleged inventors, denies the rights of such alleged inventors to such patents, and alleges that such patents are invalid and void, and further alleges that such patents do not "cover any apparatus or method used or practiced by the defendant." It is unnecessary at this point to refer to any further denials set forth in the answer.

Paragraph 21 of the answer alleges: "That there are other prior uses of the said alleged invention which * * * have not yet been ascertained, but defendant craves leave to insert in this answer as soon as ascertained."

Defendant moves to strike this paragraph from the answer and insert in place thereof this allegation: "That the claims of said letters patent Nos. 1,752,856 and 1,751,728 are invalid and void because method and machine claims cannot be valid and effectual in law and in equity to define an invention that exists only in a basket, if in fact any invention exists, which this the defendant denies, and because the patents attempt to derive their effectiveness from the shape of the article intended to be manufactured, the shape of the article being shown to be well known in the patents listed in Paragraph 17 and it being defendant's belief that no patent could be obtained thereon at the time that the patentees Dudley and Schmidtke first had knowledge of the alleged inventions or discoveries which belief is understood to be supported by the ruling of the Patent Office in an application filed by the said Schmidtke on Feb. 20, 1928 and designated as Serial Number 255,712, and as a division of the Schmidtke application Serial No. 97,220 which resulted in the Schmidtke patent 1,752,856." The substance of this allegation is that the patents in question are invalid because method and machine claims cannot be valid and effectual in law and in equity to define an invention that can exist only in the basket produced.

The brief of defendant's counsel states that the motion for inspection, to which I have referred, is made to support the allegations contained in this proposed amendment. It necessarily follows that, if the motion to amend is denied, the motion for inspection likewise should be denied.

■ The defendant's brief recites that the original Schmidtke application for a patent filed March 22, 1926, was for "letters patent on a basket and method and apparatus for making the same"; that the Patent Office objected to this application on the ground that the application for a patent on a basket could not be made in the same application for a patent on the apparatus and method; that at first the Patent Office rejected the method claims; that Schmidtke withdrew all claims for a patent on the basket; and that thereafter the Patent Office granted the pat-

ent on the method and apparatus. The moving affidavit sets forth that the affiant, one of counsel for the defendant, "is informed and believes that said Schmidtke on February 20, 1928, filed in the Patent Office, at Washington, D. C., an application bearing Serial No. 255,712 asking that a patent be granted to him upon the basket itself. This said application was declared by said Schmidtke to be a division of his prior application bearing Serial No. 97,220, which resulted in the patent upon the machine and method." The moving affidavit also alleges that said deponent "is further informed and believes that after this divisional application was made that a declaration of interference was filed." Since the suit involves only infringement of machinery and method of construction, the inquiry naturally comes as to why the filing of an application for a patent upon the basket manufactured through such method and machinery has any bearing or relation to the issues involved. The defendant asserts that plaintiffs' claims depend upon the shape of the basket manufactured as a result of the use of the machine and method for its novelty, that prior art shows this shape in reality is old and unpatentable, and in consequence the action of the Patent Office in regard to this application for a patent upon the basket has a direct bearing upon the question of the novelty of the basket. Waiving the question of defendant's laches in making these applications, I fail to see how proposed amendment contains any material or relevant allegation. If the clause of the proposed amendment, which I have quoted, did not appear in another part of the answer, it might with some reason be urged that such a clause is relevant. Paragraph 22 of the answer contains the allegation that the claims for letters patent are invalid and void because "method and machine claims cannot be valid and effectual in law and in equity to define an invention that exists only in a basket x." The substance of such allegation is that plaintiff is not entitled to these patents and hence cannot make claim for infringements.

The meaning of the remaining portion of the proposed amendment, as I understand it, is that the ruling of the Patent Office directing the division in the application Serial No. 97,220 so as to require the separate application for patent on the basket, designated as Serial No. 255,712, is evidence of the necessity of a patent upon the basket itself and that now it is material that the defendant show what action has been taken upon that application. It appears that the original application was for letters patent upon machinery, method, and baskets. It appears, however, that letters patent only were issued upon "Method and Machinery." It is incumbent upon the plaintiff to show that defendant has infringed only on plaintiffs' rights in the use of method and machinery in the making of baskets. It seems to me the issue sought to be raised by this amended complaint can be fully and completely raised under the issues as now presented. Since the plaintiff claims no patent on the basket, the particular form of the basket has a bearing only on the question of whether it could be produced in that form by any other machinery. Under the pleadings as they stand, it is entirely competent to put the basket in evidence and make proof to show that it could or could not be made by the machine and by the methods alleged to be patented. Since, in my opinion, the allegations set forth in the proposed amendment are irrelevant and immaterial, the motion to amend must be denied. Denial of the motion for inspection of the records of the Patent Office necessarily follows denial of the motion to amend, since, as admitted by the defendant, the information sought to be obtained upon such inspection is proposed to be offered in support of the allegations in such amendment.

The above decision makes it unnecessary for the court to determine the question of its authority to direct the Commissioner of Patents to open up for inspection an application for a patent filed in his office.

The motion to amend also asks leave to insert at the end of paragraph 17 of the answer a statement in the form of a quotation purporting to refer to several volumes of "Trade Monthly 'Packages.'" The relation or connection of this proposed amendment to paragraph 17 does not appear. The proposed amendment to paragraph 21 refers to "an article being shown to be well known in the patents listed in paragraph 17." Whether the references in the proposed amendment to paragraph 17 list certain patents does not appear, nor is there anything in the brief which shows the connection. Since the proposed amendment to paragraph 21 does refer to patents stated to be listed in paragraph 17, and since paragraph 17 as it now stands contains no list of patents, it would appear that the proposed amendment to paragraph 17 is necessary only in the event that the proposed amendment to paragraph 21 be allowed.

For this reason, therefore, the proposed amendment to paragraph 17 should be disallowed.